```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                    SOUTHERN DIVISION

KULDIP DEOL, et al              *
                                *
        Plaintiffs,             *
                                *
     v.                         *    Civil Action No.: AW-08-2237
                                *
CHOICE HOTELS INT'L, INC.       *
                                *
        Defendant.              *
                                *
*****************************************************************
```

**MEMORANDUM OPINION**

Plaintiffs Kuldip Deol, Bikramjit Singh, and Daljeet Kaur (collectively "Plaintiffs") bring this action seeking confirmation, modification and vacation of an arbitration award issued in their favor on June 5, 2008, against Defendant Choice Hotels International, Inc. ("Defendant")  The Arbitrator awarded Plaintiffs the sum of $226,883.51. ($231,676.69, less $4,793.18 for reimbursement to Choice Hotels for the costs and expenses of the Arbitrator.) Count I seeks a confirmation of the arbitration award in the amount of $226,883.51. Count II seeks a to modify and correct the award from $226,833.51 to $2,096,653.20 plus per diem interest dating back to June 5, 2008, and Count III seeks to vacate the award due to the alleged failure of the Arbitrator to award Plaintiffs attorney's fees and costs as the prevailing party. Defendant does not challenge Count I of Plaintiffs' action, but has filed a Motion to Dismiss Counts II and III.  The Motion has been fully briefed and is ripe for review. No hearing deemed necessary. *See* Local Rule 105.6 (D. Md. 2008).  For the reasons

1

stated more fully below, the Court will grant the Motion to Dismiss Counts II and III and will confirm the Arbitration Award.

**Standard of Review**

Judicial Review of an arbitration award in federal court is "substantially circumscribed." *Three S Delaware , Inc. v. Dataquick Information Systems, Inc.*, 492 F.2d 520, 527(4th Cir. 2007). In fact a district court authority to review an arbitration decision "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all . . . . *Id*. For a reviewing court to modify or vacate an arbitration award, the moving party "must sustain a heavy burden of showing one of the ground specified in the Federal Arbitration Act or one of certain limited common law grounds." The Federal Arbitration Act, 9 U.S.C. § 11, provides that a court may modify or correct an award

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties, and under 9 U.S.C. § 2 *et seq.* a court may vacate an arbitration award only on one of the following grounds:

>   (1) where the award was procured by corruption, fraud, or undue means;
>
>   (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id*. § 10(a).

"The permissible common law grounds for vacating . . . an award . . . include those circumstances where an award fails to draw its essence from the contract of the award evidences a manifest disregard of the law. *Choice Hotels Int'l, Inc. v. SM Property Management, LLC*, 519 F.3d 200, 207 (4th Cir. 2008). Provided that the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. *Id*.

**Analysis**

The Court agrees with Defendant that Count II and III Plaintiffs' complaint fails to establish any of the requisite grounds under the Federal Arbitration Act to compel the Court to either modify or vacate the arbitration award.

In Count II, Plaintiffs seek to modify the award to include monies for loss of market value, per diem and attorney's fees.

Plaintiffs maintain that a new award of $2,096,653.20 is supported by the testimony of their expert witness, Mr. Phil Riley, who testified at the arbitration hearing. (Paper 1 at 8) Plaintiffs cite the language of the arbitration agreement and argue that the agreement entitles them to "recover damages for full consequences of Choice's . . . breach of the agreement." (*Id*. at 7)  Plaintiffs argue that as the "prevailing party" they were entitled to an award of the attorneys fees and costs, with interest, associated with the arbitration. (Id. at 8) Citing language from the arbitration award, Defendant argues that these same arguments were presented to and "specifically rejected" by the arbitrator. (Paper 3 at 2)

    The Court agrees and finds that award evidences a full understanding and contemplation of the arbitration agreement.  The Arbitrator directly dealt with Plaintiffs claims for loss of market value.  The award specifically states, "no award is made based on the presentation of either expert of [Plaintiffs] and none for the loss on the sale of the property." (Paper 1 Ex. 1) Clearly, the Arbitrator considered Plaintiffs expert testimony but either found the testimony not credible or not relevant to his determination.  Either way, the finding shall not be disturbed by this Court.

    In Count III Plaintiffs seek to vacate the award and recoup their attorney's and costs because they are the "prevailing party." Plaintiffs argue that the Arbitrator's failure to award attorney's fees "is a manifest disregard of the unambiguous Attorney's fees provision of the Agreement," and thus "the award fails to draw its essence from the contract."  (*Id.* at 16) On this issue, Defendant

4

argues that no attorney's fees were award to either party because Plaintiffs "only partially prevailed" on their claim and Choice prevailed on its original claim. (Paper 3 at 4) Again, the Arbitrator specifically denied either party the costs of attorneys fees, and in response to Defendants Motion to Dismiss, Plaintiffs concede that the Arbitrator "in this case made no finding of the fat[sic] that neither Choice nor [Plaintiffs] is the "Prevailing Party." (Paper 4 at 4) Thus, Plaintiffs, in essence, request that this Court start anew and reach a finding that the Arbitrator declined. The Court's review of the Arbitrator's decision is indeed narrow, and without more Plaintiffs claim fails to compel the Court to either modify or vacate the award.

    An Order consistent with this opinion shall follow.

_____August 18, 2009_____      _____/s/_____
Date      Judge Alexander Williams, Jr.
    United States District Judge